Emad SOLIMAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–3251.

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

Scott E. Bratton, Margaret Wong & Associates, Cleveland, OH, for Petitioner.

John C. Cunningham, Linda S. Wendtland, Luis E. Perez, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.*

*ORDER*

Emad Soliman, a native and citizen of Egypt, petitions for review of the decision of the Board of Immigration Appeals that affirmed the decision of an Immigration Judge to deny his claim for withholding of removal under the Convention Against Torture. The parties are represented by counsel and have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Soliman entered the United States as a visitor in 1989. The Immigration and Naturalization Service (INS) began deportation proceedings against him because he overstayed his visa. Soliman applied for asylum in 1991. An Immigration Judge (IJ) denied Soliman's application for asylum and withholding of removal but granted him voluntary departure. The Board of Immigration Appeals (BIA) affirmed the IJ's decision in February 1999. In May 1999, Soliman and the INS filed a joint motion to reopen Soliman's case in order for him to request withholding of removal under the Convention Against Torture. Soliman submitted a new application and other documents. The IJ held a hearing in September 2000. Soliman testified that he had been persecuted by Muslims because he is a Coptic Christian. The IJ denied Soliman's application. The IJ found that, although Soliman's testimony concerning violence against Coptic Christians was credible, Soliman had not established that it was more likely than not that he would be tortured if he returned to Egypt. The BIA affirmed the IJ's decision without opinion in January 2003. Soliman filed a timely petition for review.

In his petition for review, Soliman argues that the BIA erred when it determined that he was not entitled to a grant of withholding of deportation pursuant to the Convention Against Torture.

A decision denying a claim under the Convention Against Torture is conclusive unless manifestly contrary to law, and the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) and (C); *Ali v. Reno,* 237 F.3d 591, 596 (6th Cir.2001).

Upon review, we conclude that the petition for review must be denied. Soliman testified that he and his family are Coptic Christians, also called Copts, a religious minority in an overwhelmingly Muslim country. He maintained that Muslims discriminate against Copts in housing, education, and employment. When asked to describe specific incidents of persecution, Soliman said that, on separate occasions, he and other Copts were attacked by a Muslim crowd, his car was vandalized, and people put trash and graffiti by his doorstep. Soliman also testified that two relatives were murdered in 1999. He believed the Egyptian government did little to protect the Coptic Christians. The State Department Report, however, indicated that the government conducted anti-terrorist campaigns against Muslim extremists and

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

that there were no confirmed reports of the government targeting Christians for mistreatment.

The IJ concluded that Soliman did not meet his burden of proving that it was more likely than not that he would be tortured by public officials or through the acquiescence of public officials. *See Ali,* 237 F.3d at 596; 8 C.F.R. § 208.16(c)(2). The IJ stressed that Soliman did not link the terrorist acts to the government. This conclusion is supported by the record. Moreover, "[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Accordingly, Soliman was not entitled to withholding of removal under the Convention Against Torture.

For the foregoing reasons, we deny the petition for review.